UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GERARDO OLIVIERI, SR. and BETTIE OLIVIERI, ) ) ) | Civil Action No.: 4:08-cv-3234-TLW-TER |
| Plaintiffs, ) ) | |
| -vs- ) ) ) | **REPORT AND RECOMMENDATION** |
| ) | |
| GREEN TREE SERVICING, LLC, ) ) | |
| Defendant. ) ) | |

## I.   INTRODUCTION

This case arises out of a mortgage loan transaction between Plaintiff Gerardo Luis Olivieri, Sr., who is proceeding pro se, and Defendant's predecessor in interest, Conseco Finance Servicing Corp.  Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative, to Stay and Compel Arbitration (Document # 17).  Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case.  Plaintiffs filed a timely Response (Document # 24) in opposition to Defendant's Motion.

On December 9, 2009, the undersigned scheduled a hearing on the present motion for January 13, 2010.  Counsel for Defendant was present. Plaintiffs were not present for the hearing.  At the hearing, counsel for Defendant indicated she would be submitting a Supplemental Brief.  The Supplement (Document # 37) was filed January 22, 2010.[1]

---

[1] The undersigned notes that Mr. Olivieri appeared in court the day after the hearing was held while the undersigned was conducting a hearing on an unrelated matter.  The undersigned advised Mr. Olivieri that he could not discuss the case without the opposing party present.  On January 21, 2010, Plaintiffs submitted an additional Response (Document # 36).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Defendant's Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II. FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed by Plaintiffs, except where noted:

This case arises from a mortgage loan transaction by and between Plaintiff Gerardo Luis Olivieri, Sr. and Conseco Finance Servicing Corp. ("Conseco").[2] On or about February 24, 2000, Conseco provided financing relating to real property with improvements thereon located at 610 Surfside Dr., Surfside, South Carolina (the "Property"). To evidence the transaction, Gerardo Luis Olivieri ("Mr. Olivieri") made, executed and delivered to Conseco that certain Promissory Note (the "Note") in favor of Conseco in the original principal amount of One Hundred Forty-Five Thousand Eight Hundred Twenty-Seven and 85/100 ($145,827.85). The Note provides the following provision with respect to arbitration:

> 9. ARBITRATION: All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. … **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement.

---

[2]Plaintiffs assert that Mr. Olivieri's signature on the Note is a forgery.

Promissory Note (attached as Ex. A to Defendant's Motion).

To secure the indebtedness owed to Conseco arising under the Note, Mr. Olivieri and Mrs. Betty Olivieri (collectively, the "Plaintiffs") made, executed, and delivered that certain Mortgage to Conseco dated February 24, 2000 (the "Mortgage"). Mrs. Olivieri executed the Mortgage because she owned an interest in the Property subject to the Mortgage. However, Mrs. Olivieri did not execute the Note and, is therefore, not liable on the indebtedness arising under the Note.

At some point in time, Mr. Olivieri defaulted on the Note because he failed to pay the obligations arising thereunder. Conseco instituted a foreclosure action against the Plaintiffs in 2002, and the Property was sold pursuant to an order and judgment of foreclosure. Thereafter, Green Tree was the successful purchaser of certain assets of Conseco's bankruptcy estate including the loan in question.

### III. DISCUSSION

Defendant argues that Plaintiffs' claims are subject to mandatory arbitration due to the language in the Note. The arbitration clause in the Note provides that "all disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration."

The Federal Arbitration Act (FAA), 9 U.S.C § 1, et seq. "creates a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). While Congress considered the advantage of expeditious resolution of disputes through arbitration in enacting the FAA, its primary purpose was to enforce agreements into which parties have entered.

Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 478 (1989).

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer, 500 U.S. at 26. The "liberal federal policy favoring arbitration agreements manifested by this provision and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements; the Act simply 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate.'" Mitsubishi, 473 U.S. at 625 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). However, "courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract.'" Id. at 33 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., at al., 473 U.S. 614, 627). Section 2 of the FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

In the first cause of action, labeled "uttering a fraudulent document," Plaintiffs claim that the signature on the Note is forged and contains discrepancies. The second cause of action reiterates Plaintiffs' claim that the Note was forged. Plaintiffs assert a violation of the Truth in Lending Act in their third cause of action, claiming that Defendant failed to present certain documentation to them during the loan transaction. Finally, the fourth cause of action asserts violation of the Real Estate Procedure Act, wherein Plaintiffs claim Defendant failed to present information setting forth the terms of the loan. Clearly, each of Plaintiffs' claims arise from or relate to the Note in which the arbitration agreement is contained.

Plaintiffs argue that the Note containing the arbitration agreement is invalid because Mr. Olivieri did not sign the Note and, thus, no valid arbitration agreement exists. Defendant argues that Plaintiffs are estopped from arguing that the documents are invalid. In the Master in Equity's Judgment of Foreclosure and Sale (the Order), the court found that Plaintiff Gerardo L. Olivieri executed and delivered a Note dated February 24, 2000, to Conseco Finance Servicing, Corp. Order ¶7 (attached to Defendant's Supplement to Motion). The court further found that to secure the indebtedness arising under the Note, Plaintiff Gerardo L. Olivieri and Plaintiff Bettie B. Olivieri executed and delivered to Green Tree a Mortgage dated February 24, 2000. Order ¶8. The court found and ordered that Conseco Finance Servicing Corp. was entitled to foreclosure of the property and a judgment against the Plaintiffs for any deficiency remaining after the foreclosure sale. Order, generally.

Collateral estoppel, or issue preclusion, "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir.1998). Collateral estoppel may be used defensively as a bar if the plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. Blonder-Tongue Labs., Inc. v. University of Illinois Found., 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); Thurston v. United States, 810 F.2d 438 (4th Cir.1987). The Master in Equity found that Plaintiff Gerardo L. Olivieri executed the Note at issue in this case and that Plaintiffs Gerardo and Bettie Olivieri executed the Mortgage at issue in this case. The Order entered by the Master in Equity reveals that a hearing was held and that a hearing was held on June 26, 2003, and the defendants, including Mr. and Mrs. Olivieri, were notified of the time, date, and place of the hearing. The Order does not

reveal whether Mr. and Mrs. Olivieri raised the issue of the validity of the Note at the hearing. Nevertheless, they had a full and fair opportunity to raise and litigate that issue. Thus, Plaintiffs are collaterally estopped from now asserting that the documents are not valid and, in turn, that the arbitration agreement is not valid. Plaintiffs advance no other arguments in opposition to submitting their claims to arbitration. Accordingly, the undersigned finds that a valid arbitration agreement exists.

In sum, the undersigned finds that all of Plaintiffs' claims are subject to mandatory arbitration pursuant to the valid arbitration agreement contained in the Note.

## IV.  CONCLUSION

Because all of Plaintiffs' claims are covered by the arbitration agreement, dismissal of this action to pursue arbitration is appropriate. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F. 3d 707, 709-10 (4th Cir. 2001). Accordingly, it is recommended that Defendant's Motion to Dismiss (Document # 17) be granted, Plaintiffs' claims be compelled to arbitration and this case be dismissed in its entirety.

                                                         s/Thomas E. Rogers, III
                                                         Thomas E. Rogers, III
                                                         United States Magistrate Judge

February 12, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**